**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WIDAD DANHO,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL INDEMNITY INSURANCE CO., and CONKLIN AND KRAFT AGENCY,<br><br>Defendants. | Civil Action No. 2:13-CV-04547 (JLL)(JAD)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant John C. Conklin t/a Conklin and Kraft Agency ("Defendant Conklin")'s Motion to Dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. The Court has considered the submissions made in support of and in opposition to the instant motion. For the reasons set forth below, Defendant Conklin's motion is **denied**.

I.  **BACKGROUND**[1]

Plaintiff's Complaint, which was filed in the Superior Court of New Jersey, Bergen County on May 13, 2013, asserts three claims: (1) declaratory judgment against Defendant Fidelity, (2) breach of contract against Defendant Fidelity, and (3) misrepresentation against Defendant Conklin. (Compl. Count Two at ¶3 and Count Three at ¶3). Defendant Fidelity filed

---

[1] The Court accepts all allegations in the Complaint as true for purposes of the instant motion.

a Notice of Removal on July 26, 2013. [Docket Entry No. 1]. Defendant Fidelity filed an answer to Plaintiff's Complaint asserting affirmative defenses on August 14, 2013. This Court's jurisdiction is premised on 28 U.S.C. §1331 and 42 U.S.C. §4072. *See Van Holt v. Liberty Mut. Fire Ins. Co.,* 163 F.3d 161, 167 (3d. Cir. 1998) (holding that "42 U.S.C. §4072 vests district courts with original exclusive jurisdiction over suits by claimants against [Write Your Own (WYO)] companies based on partial or total disallowance of claims for insurance arising out of the National Flood Insurance Act").

By way of background, Plaintiff had a policy of flood insurance (hereinafter "Policy") issued to her by Defendant Fidelity, covering a property owned by her at 25 Ludwig Street, Little Ferry, New Jersey (hereinafter "Property"). (Compl. Count One at ¶1). The Policy was issued by and through an insurance broker, Defendant Conklin. (Compl. Count One at ¶2). The Policy described the Property as a 2-4 family property located at 25 Ludwig Street, Little Ferry, New Jersey. (Compl. Count One at ¶4).

On October 29, 2012, the Property sustained severe damage due to Hurricane Sandy and subsequent flooding. (Compl. Count One at ¶5). Defendant Fidelity has refused to provide coverage for the damages sustained at the rear house located on the Property. (Compl. Count One at ¶6). Plaintiff has been advised by her broker, Defendant Conklin, that the rear house is not covered under the Policy. (Compl. Count One at ¶7). According to Plaintiff, both Defendants were aware that the Property consisted of two homes on a single parcel and were deemed two family, as evidenced on the declaration page of the insurance policy. (Compl. Count One at ¶8). In light of the foregoing, Plaintiff seeks a declaration that Defendant Fidelity is obligated under the Policy to pay the claims related to the October 29, 2012 storm within the limits of liabilities of said Policy.

## II.   LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*

## III.   DISCUSSION

Defendant Conklin now seeks to dismiss Plaintiff's state law negligent misrepresentation claim on the basis that such claim is barred (or preempted) by the National Flood Insurance Act of 1968.[2] In particular, Defendant argues that: (1) a flood insurance policy and all disputes relating to claims under such a policy are governed exclusively by flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 ("NFIA") and by federal common law, and (2) under the applicable federal law, standard flood insurance policyholders are presumed to know and understand the provisions of the Standard Flood Insurance Policy

---

[2] Defendant does not move to dismiss this claim on the basis that it fails to comply with the Rule 8(a) pleading standard. *See generally Highlands Ins. Co. v. Hobbs Group, LLC*, 373 F.3d 347, 351 (3d Cir. 2004) ("[U]nder New Jersey law, negligent misrepresentation requires a showing that defendant negligently provided false information and that plaintiff incurred damages proximately caused by its reliance on that information.") (citing *Karu v. Feldman*, 119 N.J.135 (1990)). The Court thus limits its analysis to the issue of preemption.

("SFIP"), regardless of their actual knowledge or understanding. Thus, according to Defendant Conklin, because Plaintiff is presumed to know and understand all the provisions of the Policy, Plaintiff's claim of negligent misrepresentation in the procurement of the Policy at issue fails as a matter of law. The Court has carefully considered the arguments raised in support of and in opposition to dismissal of this claim and, based on the reasons that follow, the Court concludes that dismissal is not warranted at this time.

1.  **Jurisdiction**

As a preliminary matter, the Court notes that Plaintiff challenges the existence of federal subject matter jurisdiction. In particular, Plaintiff argues that because she is not claiming a breach of the flood insurance policy, no federal funds are at stake. In support of her position, Plaintiff cites to the Fifth Circuit's decision in the matter of *Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793, 796 (5th Cir. 1993). (Pl.'s Br. at 3). Although the Court agrees that the *Spence* decision draws a distinction between contract claims under the flood insurance policy and tort actions based on misrepresentations concerning the procurement of the policy, the Court reads such a distinction as going to the issue of whether or not both sets of claims are preempted by federal common law, not whether only one set of such claims confers on this Court federal subject matter jurisdiction to hear this action.

Although Plaintiff has not filed a motion to remand this action pursuant to 28 U.S.C. §1447, the Court has nevertheless considered this threshold issue given its ongoing obligation to ensure that federal subject matter jurisdiction is present. Having done so, the Court concludes that it has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 4072. *See Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 163 (3d Cir. 1998) (noting that "the

threshold issue is whether the federal courts have subject-matter jurisdiction over a complaint by an insured predicated on the NFIA . . . but actually sounding in tort" and concluding that "§ 4072 provides [federal] subject-matter jurisdiction for an insured's suits against a WYO arising out of a disputed flood insurance claim though the plain text appears to restrict the reach of § 4072 to suits against FEMA . . . [because] . . a suit against a WYO company is the functional equivalent of a suit against FEMA."). Although Plaintiff repeatedly argues that "this is not a breach of contract but an act of fraud," Plaintiff's Complaint indisputably contains a breach of contract claim against Fidelity; thus, in accordance with the Third Circuit's decision in *Van Holt,* the Court concludes that this lawsuit should be deemed an action subject to the National Flood Insurance Act. *See id.* at 167 (concluding that "the district court had jurisdiction under § 4072 over the plaintiffs' suit alleging that Liberty Mutual violated the New Jersey Consumer Fraud Act and acted in bad faith" and noting that "[a]lthough the Van Holts' suit does not explicitly allege that Liberty Mutual violated the insurance policy contract, their lawsuit should be deemed an action subject to the Act."). Thus, the Court finds that it has federal subject matter jurisdiction to hear this action.

2. **Federal Preemption**

Count Three of Plaintiff's Complaint alleges that Defendant Conklin was aware that the subject Property consisted of two homes on a single parcel of land and misrepresented to Plaintiff that she was fully insured for the subject Property in its entirety. (Compl. Count One at

¶ 8; Count Three at ¶ 3). Defendant Conklin now moves to dismiss this claim on the basis of federal preemption.[3]

By way of background, the Third Circuit has explained that:

> The National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001-4129, established the [National Flood Insurance Program] NFIP. The NFIP is underwritten by the United States Treasury in order to provide flood insurance below actuarial rates. 42 U.S.C. § 4017 (2003); *see also Van Holt v. Liberty Mutual,* 163 F.3d 161, 164 n. 2 (3d Cir. 1998). The NFIP is administered by FEMA and the Federal Insurance Mitigation Administration ("FIMA"). 42 U.S.C. § 4011 (2003); 44 C.F.R. §§ 59.1-77.2 (2003).
>
> The [Standard Flood Insurance Policy] SFIP is codified at 44 C.F.R. Pt. 61, App. A (2003) and is incorporated into the Code of Federal Regulations by reference at 44 C.F.R. § 61.13(a) (2003). The SFIP and all disputes arising from the handling of any claim under the policy are governed by the flood insurance regulations promulgated by FEMA, the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001-4129, and federal common law. 44 C.F.R. Pt. 61, App. A(1), Art. 11 (2000) / Art. IX (2003). FEMA provides for marketing and claims adjustment of the SFIP by Write Your Own ("WYO") Companies, who operate as fiscal agents of the United States. 44 C.F.R. §§ 61.13(f), 62.23 (2003); 42 U.S.C. § 4071(a)(1) (2003) (authorizing FEMA director to utilize insurance companies as fiscal agents of the United States).
>
> The WYO Companies are bound to adjust claims in accordance with the terms of the SFIP. The SFIP requires that in adjusting claims, the WYO Company apply its own company standards guided by NFIP Claims manuals issued by FEMA. 44 C.F.R. § 62.23(i)(1) (2003). WYO carriers may not alter, amend, or waive any provision or condition of the SFIP absent express written consent from the Federal Insurance Administrator. 44 C.F.R. Pt. 61, App. (A)(1), Art. 9(D) (2000) / Art. VII(D) (2003); 44 C.F.R. § 61.13(d) (2003).

---

[3] Defendant Conklin does not raise the separate issue of whether Plaintiff's state law claim of negligent misrepresentation meets the pleading requirements of Federal Rules of Civil Procedure 8(a) or 9(b), if applicable.

6

*Suopys v. Omaha Property & Cas.*, 404 F.3d 805, 807 (3d Cir. 2005). Plaintiff does not expressly dispute that the Policy at issue is a Standard Flood Insurance Policy or that federal common law governs claims brought under SFIPs. *See id.* at 809 ("Federal common law governs the interpretation of the SFIP. The SFIP is construed in accordance with its plain, unambiguous meaning, in order to fashion uniform interpretation throughout the country and avoid state to state coverage variances.") (citing *Linder & Associates, Inc. v. Aetna Cas. & Sur. Co.*, 166 F.3d 547, 550 (3d Cir. 1999)). Rather, Plaintiff cites to a Fifth Circuit decision for the following proposition:

> While the national policies underlying the NFIP and extensive federal role therein impel our conclusion that federal common law governs claims under flood insurance policies, the same does not apply in actions for tortious misrepresentation against WYO insurers. . . . 42 U.S.C. § 4072 addresses itself solely to actions arising from partial or complete disallowance of flood insurance policy claims. Neither provision sets a limitations period governing tort actions based on misrepresentations concerning the SFIP, as opposed to contract claims under the SFIP itself.

*Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793, 796 (5th Cir. 1993). In its reply brief, Defendant Conklin concedes that Plaintiff's discussion of the *Spence* holding is accurate. Nevertheless, Defendant Conklin maintains that the *Spence* decision is not controlling on this Court and has, in fact, been abrogated by the Court of Appeals for the Third Circuit in *Van Holt*, 163 F.3d at 163.

The Court begins by noting that there is no dispute that "federal law preempts state contract law with respect to the interpretation of Policy language." *C.E.R. 1988, Inc. v. Aetna Cas. and Sur. Co.*, 386 F.3d 263, 272 (3d Cir. 2004) (citing *Linder*, 166 F.3d at 550). Nor is it disputed that the negligent misrepresentation claim at issue sounds in tort and involves

7

allegations of misrepresentations in the *procurement* of the Policy, not in the adjustment of a claim under the Policy. (Pl.'s Br. at 2; Def.'s Reply at 2).

Having carefully considered the parties' arguments and in particular, Defendant Conklin's reliance on the Third Circuit's decision in *Van Holt*, it is clear to the Court that the parties are conflating the issue of federal preemption with the issue of federal subject matter jurisdiction. Although the Court concludes (as stated above) that the *Van Holt* decision confirms that this Court has federal subject matter jurisdiction to hear this action, the Court does not read the *Van Holt* decision as holding that a claim for tortious or negligent misrepresentation in the procurement of a flood insurance policy against a private insurance company is federally preempted. Certainly, the Court does not read the Third Circuit's decision in *Van Holt* as "abrogating" the Fifth Circuit's decision in *Spence*. Rather, in the Court's view, the *Van Holt* decision speaks to the issue of whether federal courts have subject-matter jurisdiction over a complaint by an insured predicated on the NFIA but actually sounding in tort—and concludes that it does. The *Spence* decision, on the other hand, speaks to the issue of whether claims of fraud in the procurement of a flood insurance policy are governed by the state statute of limitations or by the limitations period imposed by federal common law—and concludes that state law statute of limitations should apply as to such fraud claims. Thus, although the *Van Holt* case is certainly relevant to the Court's jurisdictional analysis, the Court does not construe the *Van Holt* decision as addressing the narrow issue before this Court (and the Court in *Spence*)— namely, whether a case alleging misrepresentation in the procurement of a flood insurance policy would be preempted under the NFIA. In fact, since the *Van Holt* decision, the Third Circuit has expressly declined to weigh in on this discrete issue. *See C.E.R. 1988, Inc.*, 386 F.3d at 272 n. 12 ("We need not decide today whether a case alleging misrepresentation in claims procurement

would also be preempted."). Thus, Defendant Conklin's reliance on the *Van Holt* decision in support of its preemption argument is unavailing.

In light of the *Spence* decision—which, although not binding on this Court is certainly "very persuasive"[4]—the Court cannot at this time conclude that Plaintiff's state law claim of negligent misrepresentation in the procurement of a flood insurance policy is federally preempted. *See Spence*, 996 F.2d at 796-797 ("Absent express preemption of state law fraud actions against WYO insurers or conflict with any federal provision, we conclude that the Spences timely filed their action for misrepresentation under the four-year Texas limitations period."); *see, e.g., Padalino v. Standard Fire Ins. Co.*, 616 F. Supp. 2d 538, 544 (E.D.Pa. 2008) (denying insurance company's motion to dismiss state law claims of fraud, negligence and negligent misrepresentation against insurance broker and noting that "although this provision [44 C.F.R. pt. 61, app. A(1) (2007)] expressly preempts state law remedies for claims handling, it does not expressly preempt state law disputes relating to policy procurement. Because there can be no express preemption without explicit language to that effect, federal law does not expressly preempt Plaintiffs' claims"); *Reeder v. Nationwide Mut. Fire Ins. Co.*, 419 F. Supp. 2d 750, 761 (D.Md. 2006) (holding that "state law tort claims arising out of alleged misrepresentations made during the procurement of an SFIP are not preempted"); *Messa v. Omaha Prop. & Cas.*, 122 F. Supp. 2d 513, 521 (D.N.J. 2000) (noting that "policy procurement is an entirely different creature than claims handling"). Certainly, absent a directive from the Court of Appeals for the Third Circuit, this Court declines to hold that the NFIA, and regulations issued by FEMA, effectively preempt *all* state law claims, even those involving misrepresentations in policy

---

[4] *See, e.g., Arlac Dry Stencil Corp. v. a B Dick Co.*, 46 F.2d 899, 902 (3d Cir. 1931) (referring to decision by Court of Appeals for the Second Circuit and noting that "neither is it binding on this court, yet through comity is very persuasive.").

procurement.[5] *See generally C.E.R. 1988, Inc.*, 386 F.3d at 272 n. 12 ("We need not decide today whether a case alleging misrepresentation in claims procurement would also be preempted."); 42 U.S.C. § 4081(c) (stating that, under the NFIA, the FEMA Administrator "may not hold harmless or indemnify an agent or broker for his or her error or omission.").

Because Defendant Conklin cites to no binding legal authority in support of the proposition that the scope of NFIA preemption extends to claims involving SFIP procurement, the Court declines to dismiss Plaintiff's state law claim of negligent misrepresentation in the procurement of her flood insurance policy on the basis of federal preemption at this time.[6] The Court's denial of Defendant Conklin's motion in this regard is without prejudice to Defendant's ability to re-raise this argument in future motion practice—particularly if discovery reveals, for example, that Plaintiff's negligent misrepresentation claim, although sounding in tort, involves interpretation of Policy language. *See C.E.R. 1988, Inc.*, 386 F.3d at 272 ("[N]o one disputes that federal law preempts state contract law with respect to the interpretation of Policy language.") (citing *Linder*, 166 F.3d at 550).

---

[5] Although the Third Circuit has held that the application of state law in claims handling disputes "would impede Congress's objectives," *C.E.R. 1988, Inc.*, 386 F.3d at 270, that case involved an alleged misrepresentation in the adjustment of a claim made under a Standard Flood Insurance Policy, not an alleged misrepresentation in the procurement of a policy.

[6] Because the Court declines to hold at this time that Plaintiff's claim of negligent misrepresentation in the procurement of her flood insurance policy is preempted, the Court need not consider Defendant's arguments concerning the viability of such claim under federal common law.

## IV.   CONCLUSION

Based on the reasons set forth above, Defendant's motion to dismiss Plaintiff's negligent misrepresentation claim on the basis of federal preemption [Docket Entry No. 6] is **denied**.

An appropriate Order accompanies this Opinion.

                                                                                                  /s/ Jose L. Linares
                                                                                                  JOSE L. LINARES
                                                                                                  U.S. DISTRICT JUDGE

Dated: September 25, 2013